NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0096n.06

No. 10-2162

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jan 26, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| McNAUGHTON-McKAY ELECTRIC COMPANY, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| LINAMAR CORPORATION, | ) ) | |
| Defendant-Appellee. | ) | |

BEFORE: SUHRHEINRICH, GIBBONS and McKEAGUE; Circuit Judges.

**PER CURIAM.** This case arises from the cancellation and subsequent settlement of a manufacturing contract between Chrysler, LLC (Chrysler) and Defendant Linamar Corporation (Linamar). In 2008, Chrysler contracted with Linamar to produce four "special purpose machines" for the manufacture of dual-clutch transmissions at Chrysler's Kokoma, Indiana facility. Linamar subcontracted with Ann Arbor Machine (AAM) to build the machines. AAM agreed to pay Plaintiff McNaughton-McKay Electric Company (McNaughton) $424,015.42 to supply the electrical components necessary for construction.

After McNaughton supplied the electrical components but before AAM paid it, Chrysler cancelled its contract with Linamar. Chrysler paid Linamar $10.25 million in satisfaction of its claims; Linamar, in turn, paid AAM $5 million. AAM filed for bankruptcy and never paid

1

McNaughton under the parties' supplier contract.  AAM's creditor took possession of the special purpose machines, which were subsequently sold at auction.

McNaughton sued Linamar under a theory of unjust enrichment alleging, *inter alia*, that the Michigan Court of Appeals' decision in *Morris Pumps v. Centerline Piping, Inc.*, 273 Mich. App. 187 (Mich. Ct. App. 2006) supported a general contractor's liability for materials provided by a subcontractor's unpaid supplier.  The parties filed cross-motions for summary judgment. Distinguishing *Morris Pumps*, the district court denied McNaughton's motion and granted Linamar's motion for summary judgment.  McNaughton appeals the district court's order.

After carefully reviewing the district court's opinion, the record, and the applicable law, we are satisfied that the issues were thoroughly and correctly resolved by the district court and that summary judgment in favor of Linamar was proper.  We are similarly satisfied that the instant case is factually dissimilar from *Morris Pumps*, wherein the general contractor retained and used the materials of its subcontractor's supplier despite constructive knowledge that the supplier had not been paid.  *See id*. at 195-96.  Accordingly, we **AFFIRM** the judgment of the district court on the grounds stated in its well-reasoned opinion dated August 11, 2010.